Curia, per

Evans, J.
In this case a domestic attachment was set aside on the ground that it was made returnable to the next Court of Common Fleas, to be holden at Abbeville court house on the second Monday in March. By law, the Court of Abbeville sits on the third Monday. There can be no doubt that, in ordinary cases, this objection is fatal, and that the service would be set aside on motion. But it is supposed because this is an attachment, a different rule is to prevail. The grounds of appeal assume that the defendant cannot be heard in Court, until he appears and dissolves the attachment by giving special bail. If this proposition be true, then he who is made a party in Court, by attaching his property, is shut out from any of those exceptions of which advantage can only be taken by motion, for when he appears, his mouth is closed as to any irregularity in the process, be it ever so great. * There is nothing in the attachment laws which admits of any such construction. The attachment issues, because process cannot be served personally, or by leaving a copy, and by attaching his goods instead of his person, the defendant is made a party in Court ; but I do not find anything in the attachment Acts which takes from him the privilege of other defendants, except that he cannot have his properly restored, or dissolve the attachment, otherwise than by appearance and special bail. In the construction of these Acts, our Courts have gone no further than to say, they will not hear such objections from the garnishees or strangers. To this effect the case of Foster vs. Jones, (1 McC. 116,) Cumberford vs. Hall, (1 McC. 345,) McBryde vs. Floyd, (2 Bailey, 209,) Chambers vs. McKee, (1 Hill, 229.)
In none of these, is the right of the defendant to except to the irregularity denied, and in some of them it is expressly recognized.
The motion to reverse the decision of the Circuit Court is refused.
The whole Court concurred.